# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

_____

Lidia Jimenez                              :
    *Plaintiff*,                         :
                                    : C.A. NO:1:15-cv-00517-ML-PAS
v.                                         :
                                           :
Reyes Food Market, Inc.                    :
and Rafael Genao,                          :
    *Defendants*.                        :
                                           :
_____

**<u>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION
FOR JUDGMENT BY DEFAULT</u>**

**TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................................................................2

TABLE OF AUTHORITIES ..................................................................................................3

FACTS .....................................................................................................................................5

ARGUMENT ...........................................................................................................................5

    I.    Default Judgment Is Appropriate ...............................................................................5

    II.    Plaintiff Is Entitled to Damages ................................................................................6

        a. Wages ..................................................................................................................6

            i. Minimum and Overtime Wages – First and Second Causes of Action ..........6

            ii. Plaintiff Has Met Her Burden of Proof .........................................................9

        b. Liquidated Damages ............................................................................................9

            i. Plaintiff Is Entitled to Liquidated Damages for Owed Wages ......................9

            ii. Plaintiff May Recover Liquidated Damages Under the FLSA and the RIMWA Simultaneously ........................................................................10

        c. Statute of Limitations .........................................................................................11

        d. Reasonable Attorneys' Fees and Costs ..............................................................12

    III.    Plaintiff's Submissions Form a Basis For Awarding Damages ..............................13

CONCLUSION ......................................................................................................................14

**TABLE OF AUTHORITIES**

| Cases | Pages |
|---|---|
| Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946) | 9 |
| Bashforth v. Zampini, 576 A.2d 1197 (R.I. 1990) | 14 |
| Baystate Alternative Staffing, Inc. v. Herman, 163 F.3d 668 (1st Cir. 2013) | 7 |
| Brockton Savings Bank v. Peat, Marwick, Mitchell & Co., 771 F.2d 5 (1st Cir. 1985) | 6 |
| Calise v. Hidden Valley Condo. Ass'n, Inc., 773 A.2d 834 (R.I. 2001) | 13 |
| Comm'r of Internal Revenue v. Schleier, 515 U.S. 323 (1995) | 10 |
| Donovan v. Agnew, 712 F.2d 1509 (1st Cir. 1983) | 7 |
| Eisler v. Stritzler, 535 F.2d 148 (1st Cir. 1976) | 6 |
| Gay Officers Action League v. Puerto Rico, 247 F.3d 288 (1st Cir. 2001) | 12 |
| Grendel's Den, Inc. v. Larkin, 749 F.2d 945 (1st Cir. 1984) | 12 |
| Herman v. Hector I. Nieves Transp., Inc., 91 F. Supp. 2d 435 (D.P.R. 2000) | 11 |
| Lipsett v. Blanco, 975 F.2d 934 (1st Cir. 1992) | 12 |
| Manning v. Bos. Med. Ctr. Corp., 725 F.3d 34 (1st Cir. 2013) | 7 |
| McLaughlin v. Hogar San Jose, Inc., 865 F.2d 12 (1st Cir. 1989) | 11 |
| Obert v. Republic Western Ins. Co., 264 F. Supp. 2d 106 (D.R.I. 2003) | 13 |
| O'Rourke v. Providence, 77 F. Supp. 2d 258 (D.R.I. 1999) | 13 |
| Overnight Motor Transp. Co. v. Missel, 316 U.S. 572 (1942) | 10 |
| Palumbo v. United States Rubber Co., 229 A.2d 620 (R.I. 1967) | 12 |
| Ramos-Falcon v. Autoridad de Energia Electrica, 301 F.3d 1 (1st Cir. 2002) | 6 |
| Reich v. Southern New England Telecom. Corp., 121 F.3d 58 (2d Cir. 1997) | 9 |
| Shoucair v. Brown Univ., 2004 WL 2075159 (R.I. Super. Ct. 2004) | 13 |

Tamarin v. Adam Caterers, Inc., 13 F.3d 51 (2d Cir. 1993) ........................................... 13

Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105 (2d Cir.

    1997) ........................................................................................................................ 13

**Statutes and Regulations**                                                 **Pages**

29 U.S.C. § 203 ........................................................................................................... 7

29 U.S.C. § 206 ........................................................................................................... 7

29 U.S.C. § 207 ........................................................................................................... 8

29 U.S.C. § 216 ........................................................................................................... 9, 10, 12

29 U.S.C. § 255 ........................................................................................................... 11, 12

29 U.S.C. § 260 ........................................................................................................... 10

R.I. Gen. Laws. § 28-12-3 ........................................................................................... 7

R.I. Gen. Laws § 28-12-4.1 ......................................................................................... 8, 9

R.I. Gen. Laws § 28-14-19.2 ....................................................................................... 9, 10, 11, 12

Fed. R. Civ. P. 8 .......................................................................................................... 6

Fed. R. Civ. P. 55 ........................................................................................................ 5, 6

DRI LR 55 ................................................................................................................... 5

# FACTS

The Plaintiff, a former employee of Defendants, regularly worked more than forty hours per week, six days a week, including every Sunday, in Defendants' grocery store and wholesale food distribution business. Plaintiff was employed by Defendants to cook prepared food and to work as general help in the grocery store and was paid two hundred dollars ($200) per week in cash for her work, equaling an hourly rate less than the then state and federal minimum wages. She never received overtime for when she worked over forty (40) hours per week or for every holiday or Sunday worked.

Defendants owe Plaintiff the unpaid balance of the minimum hourly wage to which she was entitled, as well as overtime pay. In addition, Defendants never provided Plaintiff with written notices at the time she was hired or paid, as required by Rhode Island Law. Plaintiff filed this lawsuit to recover her owed wages, as well as damages for other violations of state and federal law.

# ARGUMENT

## I. Default Judgment Is Appropriate

Plaintiff filed the Complaint for unpaid wages, and other relief under the Fair Labor Standards Act ("FLSA") and the Rhode Island Minimum Wage Act ("RIMWA") on December 8, 2015. (Doc No. 1.) On December 28, 2015, a copy of the summons and complaint were properly served on Defendants Reyes Food Market and Rafael Genao; certificates of service were filed with the Court. (Doc No. 7 and 8).

Defendants Reyes Food Market and Rafael Genao failed to appear or otherwise defend the action, and their time to answer expired. On February 1, 2016, Plaintiff requested a Clerk's Entry of Default, pursuant to Fed. R. Civ. P. 55(a) and DRI LR 55(a). (Doc Nos. 11, 11-1). The Clerk

of this Court entered the Default of Defendants Reyes Food Market and Rafael Genao on March 3, 2016. There are no other defendants in the action.

Plaintiff now moves, pursuant to Fed. R. Civ. P. 55(b), for a default judgment to be entered against Defendants Reyes Food Market and Rafael Genao. The factual allegations in the Complaint are deemed true as a result of Defendants' default. See Fed. R. Civ. P. 8(b)(6); see also Ramos-Falcon v. Autoridad de Energia Electrica, 301 F.3d 1, 2 (1st Cir. 2002). Declarations, affidavits and exhibits have been attached to this motion to support Plaintiff's assertions as to damages.

II. **Plaintiff Is Entitled to Damages**

Because of Defendants' default, the factual allegations in the Complaint are deemed true. See Fed. R. Civ. P. 8(b)(6); see Brockton Savings Bank v. Peat, Marwick, Mitchell & Co., 771 F.2d 5 (1st Cir. 1985) ( "[T]here is no question that, default having been entered, each of [plaintiff's] allegations of fact must be taken as true and each of its seven claims must be considered established as a matter of law."), cert. denied, 475 U.S. 1018 (1986); see also Eisler v. Stritzler, 535 F.2d 148, 153 (1st Cir. 1976) (noting that "[t]he default judgment on the well-pleaded allegations in plaintiff's complaint established . . . defendant's liability.") The well-plead allegations in the Complaint establish Defendants' liability to Plaintiff for damages as described in detail below.

    a. **Wages**

        i. **Minimum and Overtime Wages**

Defendants are liable for owed minimum and overtime wages under the FLSA, and owed regular and overtime wages under the RIMWA. Plaintiff was employed by Defendants to sell prepared food and work as general help in their grocery store for more than six years. See Compl.

¶¶ 14; Pl.'s Aff. ¶ 2. Defendant Genao made all relevant decisions regarding Plaintiff's wages and working conditions. See Compl. ¶ 11. Additionally, Defendant Genao was the president of Reyes Food Market, Inc. See Compl. ¶ 9. Accordingly, Defendant Genao is individually liable as an employer for violations under the FLSA and the RIMWA. See Manning v. Bos. Med. Ctr. Corp., 725 F.3d 34, 37, 47 (1st Cir. 2013) (asserting that liability attaches to any "employer," defined to include "any person acting directly or indirectly in the interest of an employer in relation to an employee.") (quoting 29 U.S.C. § 203(d)); see also Donovan v. Agnew, 712 F.2d 1509, 1511(1st Cir. 1983) (applying an economic reality test to determine individual liability that focuses on the totality of an individual's level of involvement with the corporation's day-to-day operations, along with their participation in creating or adopting the unlawful pay practices); see also Baystate Alternative Staffing, Inc. v. Herman, 163 F.3d 668, 677-78 (1st Cir. 2013) (focusing the individual liability analysis on role played by corporate officers including the role in causing the corporation to undercompensate the employees, and to prefer the payment of other obligations and/or the retention of profits, as well as other relevant indicia such as operational control over significant aspects of the business and an individual's ownership in the business).

Under federal law, throughout Plaintiff's employment with Defendants, she was entitled to the minimum wage of $7.25 per hour for each hour she worked. 29 U.S.C. § 206. Moreover, under state law, Plaintiff was entitled to the minimum wage of $7.40 per hour for each hour she worked during the year 2012. See R.I. Gen. Laws. § 28-12-3(d). During the year 2013, Plaintiff was entitled to the minimum wage of $7.75 per hour for each hour she worked. See R.I. Gen. Laws § 28-12-3(e). During the year 2014, Plaintiff was entitled to the minimum wage of $8.00 per hour for each hour she worked. See R.I. Gen. Laws 28-12-3(f). Finally, Plaintiff was entitled to the minimum wage of $9.00 per hour for the year 2015 for each hour she worked. See R.I. Gen. Laws.

§ 28-12-3(g). Plaintiff worked for Defendants from March 1, 2009 until to May 10, 2015 ("relevant time period"). See Compl. ¶¶ 17, 20; Pl.'s Aff. ¶ 1. Her employers kept no records of her hours worked or wages paid. See Compl. ¶¶ 19, 22. Plaintiff worked every Wednesday through Monday. See Compl. ¶ 3. Significantly, Plaintiff never took a sick day, vacation, or holiday off from work during the relevant time period. See Compl. ¶ 6. According to Plaintiff's recollection, she is owed $13,717.03 in regular wages under the FLSA for the relevant time period. See Janton Decl. (calculating damages). According to Plaintiff's recollection, she is owed $17,347.68 in regular wages under the RIMWA for the relevant time period. See Janton Decl. (calculating damages).

Under federal law, throughout Plaintiff's employment with Defendants, she was entitled to overtime at one and a half times her regular rate for all hours worked over forty (40) worked in a workweek. 29 U.S.C. § 207(a)(1). Additionally, under state law, throughout the relevant time period, Plaintiff was entitled to be paid overtime for all hours worked every Sunday. See R.I. Gen. Laws § 28-12-4.1(a). Throughout her employment with Defendants, Plaintiff never received overtime pay, although she always worked over forty-two hours per week and worked every Sunday during the relevant time period. See Compl. ¶¶ 1, 15, 21; Pl.'s Aff. ¶ 4,5. Plaintiff's "minimum wage" under the FLSA should have been $7.25 per hour, and the applicable overtime rate for Plaintiff under federal law for each hour worked over forty (40) was $10.875 per hour (one and one half times the federal minimum wage for the relevant time period). See 29 U.S.C. § 207(a)(1). According to Plaintiff's recollection, she is owed $961.25 in overtime wages under the FLSA. See Janton Decl. (calculating damages).

Under Rhode Island law, for the year 2012, the applicable overtime rate for each hour Plaintiff worked on Sunday was $11.10; for the year 2013, the applicable overtime rate for each

8

hour Plaintiff worked on Sunday was $11.625; for the year 2014 the applicable overtime rate for each hour Plaintiff worked on Sunday was $12.00; and for the year 2015, the applicable overtime rate for each hour Plaintiff worked on Sunday was $13.50 (one and one half times the Rhode Island minimum wage for each year). See R.I. Gen. Laws § 28-12-4.1(b).

Plaintiff was entitled, under Rhode Island law, to overtime pay for all hours worked on Sundays. See R.I. Gen. Law § 28-12-4.1(a). Plaintiff worked six days a week, including every Sunday in Defendants' store. See Compl. ¶ ¶ 1,15; Pl.'s Aff. ¶¶ 3. According to her recollection, she is owed an additional $2,694.60 in overtime for work performed on Sundays. See Janton Decl. (calculating damages).

### ii. **Plaintiff Has Met Her Burden of Proof**

Plaintiff worked the same schedule every week, including the same hours from December 8, 2012 through December 8, 2015. Plaintiff never left for vacation or took a sick day. See Pl.'s Aff. ¶ 6. Plaintiff's affidavit is the best evidence of the hours that she worked, as Defendants failed to keep records of her hours worked and wages paid, and have failed to participate in this case. The Court must assume that the Plaintiff's recollections of her consistent hours are correct. See Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946); Reich v. S. New England Telecom. Corp., 121 F.3d 58 (2d Cir. 1997).

### b. **Liquidated Damages**

Plaintiff is entitled to liquidated damages for wages that remain unpaid under both the FLSA and the RIMWA. 29 U.S.C. § 216(b); R.I. Gen. Laws § 28-14-19.2(a).

### i. **Plaintiff is Entitled to Liquidated Damages for Owed Wages**

Under the FLSA, "[a]ny employer who violates the provisions of section 206 or section 207 of this title *shall* be liable to the employee or employees affected in the amount of their unpaid

9

minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) (emphasis added). To escape this mandatory imposition of liquidated damages, the employer bears the burden of proving that its violation of the FLSA was in good faith and that it had reasonable grounds for believing that it was not violating the FLSA. 29 U.S.C. § 260. By their default, Defendants have failed to meet the burden of showing that this narrow exception applies.

Similarly, the RIMWA allows "an aggrieved [employee] shall be entitled to recover any unpaid wages . . . compensatory damages, and liquidated damages in an amount up to two (2) times the amount of unpaid wages . . ." R.I. Gen. Laws § 28-14-19.2(a). Under R.I. Gen. Laws § 28-14-19.2, "[i]n determining the amount of any penalty imposed under this section, consideration shall be given to the size of the employer's business, the good faith of the employer, the gravity of the violation, the history of previous violations, and whether or not the violation was an innocent mistake or willful." By their default, Defendants have failed to meet the burden of proving that this violation was anything other than a grave violation and anything but willful.

Accordingly, Plaintiff is entitled to liquidated damages in an amount equal to her owed wages under the FLSA and two (2) times the amount of unpaid wages under the RIMWA.

      ii.      **Plaintiff May Recover Liquidated Damages Under the FLSA and the RIMWA Simultaneously**

Because liquidated damages serve different purposes under federal and state law, the Plaintiff may receive both simultaneously. The rationale behind simultaneous recovery is that liquidated damages under the FLSA are compensatory in nature, while liquidated damages under the RIMWA are punitive. See Comm'r of Internal Revenue v. Schleier, 515 U.S. 323, 331 (1995) (quoting Overnight Motor Transp. Co. v. Missel, 316 U.S. 572, 583-84 (1942))(liquidated damages are meant to compensate employees for the losses that they have suffered by reason of not

10

receiving the money due to them at the time that it was due). Moreover, "[a] court must grant liquidated damages unless the defendant establishes both that: (1) the violative acts or omissions by defendant were committed in good faith; and (2) the defendant had reasonable grounds for so acting. Herman v. Hector I. Nieves Transp., Inc., 91 F. Supp. 2d 435, 449 (D.P.R. 2000), aff'd, 244 F.3d 32 (1st Cir. 2001) (citing McLaughlin v. Hogar San Jose, Inc., 865 F.2d 12, 13–14 (1st Cir. 1989)).

Plaintiff requested liquidated damages under both federal and state law in the Complaint. See Compl. ¶¶ 2, 42 (federal); 2, 43 (state). By choosing not to defend this action, Defendants have waived any argument that Plaintiff should not be awarded both forms of liquidated damages.

Plaintiff is entitled to $14,130.28 in liquidated damages under the FLSA for minimum wage and overtime violations. See Janton Decl. (calculating damages). She is entitled to $40,718.16 in liquidated damages under the RIMWA for regular wage and overtime violations. See Janton Decl. (calculating damages).

  c. **Statute of Limitations**

The FLSA provides for a two-year statute of limitations; where the employees can show that the employer acted willfully, the statute of limitations extends to three years. 29 U.S.C. § 255. The RIMWA provides for a three-year statute of limitations. R.I. Gen. Laws § 28-14-19.2(g). Therefore, Plaintiff is entitled to a three-year statute of limitations under the RIMWA. See id.

Plaintiff began working for Defendants in March 1, 2009. She filed the complaint on December 8, 2015. During Plaintiff's employment, Defendants did not post or keep posted a notice explaining the FLSA, as prescribed by the United States Department of Labor, Wage and Hour Division, in a conspicuous place in their establishment that would have permitted Plaintiff to readily observe a copy. See Compl. ¶ 17; Pl.'s Aff. ¶ 7. During Plaintiff's employment, Defendants

11

failed to post and keep posted the minimum wage and overtime poster issued by the Rhode Island Department of Labor and Training in their establishment where it could readily be observed by Plaintiff. See Compl. ¶ 18; Pl.'s Aff. ¶ 8. Additionally, during Plaintiff's employment, Defendants did not furnish to Plaintiff a statement of earnings on every regular payday, including a record of hours worked. See Compl. ¶ 19; Pl.'s Aff. ¶ 9. Therefore, during her employment, Plaintiff failed to discover the nature or extent of Defendants' violations of her right to be paid according to the law because, inter alia, Defendants failed to conspicuously post and provide information mandated by state and federal law. See Compl. ¶ 21. Taking all the well-pled facts in the Complaint as true, Defendants' actions were willful and in bad faith and Defendants should have been aware of their obligation to pay Plaintiff consistent with the FLSA and the RIMWA. Therefore, the statute of limitations for the FLSA should be extended to three years. See 29 U.S.C. § 255.

   d. **Reasonable Attorneys' Fees and Costs**

Plaintiff seeks attorneys' fees and costs under the FLSA and the RIMWA. 29 U.S.C. § 216(b); R.I. Gen. Laws § 28-14-19.2(a). Courts in the First Circuit calculate attorneys' fees utilizing the "lodestar approach," multiplying a reasonable number of hours expended on a case by a reasonable hourly rate. See Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 295 (1st Cir. 2001). The Court must determine a reasonable hourly rate by "taking into account the 'prevailing rates in the community for comparably qualified attorneys.'" Lipsett v. Blanco, 975 F.2d 934, 937 (1st Cir. 1992) (quoting Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 950 (1st Cir. 1984)).

Rhode Island courts have determined that attorney's fees should depend on "the facts and circumstances of each case . . . [w]e consider the amount in issue, the questions of law involved and whether they are unique or novel, the hours worked and the diligence displayed, the result

obtained, and the experience, standing and ability of the attorney who rendered the services . . . [e]ach of these factors is important but no one is controlling." Palumbo v. United States Rubber Co., 229 A.2d 620, 622-23 (R.I. 1967).

Recent case law suggests that a presumptively reasonable fee for attorneys in this District ranges from approximately $100-275 per hour. See Obert v. Republic Western Ins. Co., 264 F. Supp. 2d 106, 123 (D.R.I. 2003); see also O'Rourke v. Providence, 77 F. Supp. 2d 258 (D.R.I. 1999), aff'd in part and rev'd in part on other grounds, 235 F.3d 713 (1st Cir. 2001) (granting one attorney in the case fees at a rate of $200 per hour); see also Shoucair v. Brown Univ., 2004 WL 2075159 (R.I. Super. Ct. 2004) (finding $275 per hour to be a reasonable hourly rate).

The Rhode Island Center for Justice is a non-profit organization that provides direct legal services in the areas of employment law, immigration, housing, and utility law to low-income individuals throughout the State of Rhode Island. The Center for Justice staff attorney with primary responsibility for this case is Marissa Janton, whose declaration is attached.

Plaintiff seeks fees at the rate of $125 per hour for the work performed by Ms. Janton. These rates fall on the conservative end of the approved range for attorneys in this District. The amount sought are set forth in the Declaration of Marissa Janton and the accompanying exhibits.

III. **Plaintiff's Submissions Form a Basis For Awarding Damages**

A litigant's default in an action establishes that party's liability; damages must be established by the plaintiff in a post-default inquest. In conducting an inquest, the court must ensure "that there [is] a basis for the damages specified in the default judgment." Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (internal quotations and citations omitted). The court may rely on affidavits or documentary evidence in evaluating the fairness of the sum requested. See Tamarin v. Adam Caterers, Inc., 13 F.3d 51, 54

(2d Cir. 1993); see also Calise v. Hidden Valley Condo. Ass'n, Inc., 773 A.2d 834, 838 (R.I. 2001) ("[A] default judgment may not be entered without a hearing on damages unless the amount claimed is liquidated or ascertainable from definite figures contained in documentary evidence or detailed affidavits.") (quoting Bashforth v. Zampini, 576 A.2d 1197, 1200 (R.I. 1990)). The declarations and affidavits Plaintiff submits in support of her motion establish her claims for damages. Because there is sufficient evidence supporting the fairness of her damages calculations, this Court may award judgment on the basis of these submissions.

## CONCLUSION

Based on the foregoing memorandum of law and accompanying affidavits and exhibits, Plaintiff respectfully requests this Court enter Judgment against Defendants in the amount requested herein.

Dated: Providence, Rhode Island
May 18, 2016

Respectfully submitted,

Attorneys for Plaintiff

Lidia Jimenez

Rhode Island Center for Justice

/s/ Marissa Janton
Marissa Janton (#8588)
Robert McCreanor (#9399)
150 Washington Street
Providence, RI 02903
(401) 491-1101 x804
(401) 228-6955 (FAX)
mjanton@centerforjustice.org